IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Mark Kirby, individually and on behalf of the Estate of Jane Kirby,<br><br>Plaintiff,<br><br>v.<br><br>South Carolina State Accident Fund,<br><br>Defendant. | Case No. 3:24-cv-03586-JDA<br><br>**OPINION AND ORDER** |

This matter is before the Court on a motion to dismiss filed by Defendant [Doc. 4], a motion to remand filed by Plaintiff [Doc. 7], and a motion to reinstate a different case filed by Plaintiff [Doc. 23]. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings.

On July 23, 2024, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Defendant's motion to dismiss be granted and Plaintiff's motion to remand be denied. [Doc. 13.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id*. at 12.] On July 29, 2024, Plaintiff filed objections to the Report. [Doc. 16.] Defendant filed a reply on August 26, 2024, and Plaintiff filed a sur reply on August 30, 2024. [Docs. 24; 26.] Additionally, on August 21, 2024, Plaintiff filed a motion to reinstate an earlier action that this Court had dismissed. [Doc. 23]; *see Kirby v. SC State Accident Fund*, No. 3:23-00659-JDA, 2024 WL 1926258 (D.S.C. May

2, 2024) ("*Kirby I*"). Defendant filed a response to Plaintiff's motion on September 4, 2024, and Plaintiff filed a reply on September 9, 2024. [Docs. 27; 28.]

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

The Magistrate Judge recommends granting Defendant's motion to dismiss, concluding that even if res judicata does not bar Plaintiff's § 1983 claim as Defendant suggests, Plaintiff's claim is still subject to dismissal for the same reasons it was dismissed in *Kirby I*. [Doc. 13 at 5–9.] Specifically, the Magistrate Judge concluded that Defendant is entitled to Eleventh Amendment immunity from suit and is not a "person" subject to liability under § 1983, and that Plaintiff's inclusion of "et al" in the case caption does not save his claim. [*Id*. at 8–10.] Further, the Magistrate Judge recommends denying Plaintiff's motion to remand because Plaintiff has failed to explain any basis on

2

which remand would be proper and has not provided any case law or authority allowing a district court the discretion to remand federal claims that are properly removed under 28 U.S.C. § 1441 and that fall within the Court's original jurisdiction under 28 U.S.C. § 1331. [*Id.* at 10.]

In his objections, Plaintiff does not address the Magistrate Judge's conclusions regarding Defendant's motion to dismiss, and instead focuses on res judicata and generally repeats his arguments in favor of remand, contending that "[t]his is a [s]tate [c]laim, and the matter and all issues related to the Plaintiff's case and under court rules and [precedents] can only be handled in [s]tate [c]ourt." [Doc. 16 at 9; *see generally* Doc. 16.]

The Court concludes that Plaintiff's objections, liberally construed, fail to specifically address the Report's findings and recommendations. Nevertheless, out of an abundance of caution for a pro se party, the court has conducted a de novo review of the Report, the record, and the applicable law. Upon such review, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, Defendant's motion to dismiss [Doc. 4] is GRANTED, Plaintiff's motion to remand [Doc. 7] is DENIED, and this action is DISMISSED with prejudice. Plaintiff's motion to reinstate case number 3:23-cv-00659-JDA [Doc. 23] is also DENIED.[*]

---

[*] Even liberally construing Plaintiff's motion as one for relief from a judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure (and assuming that the motion may be filed in this action), the Court denies Plaintiff's motion because Plaintiff has not demonstrated a meritorious defense. *See Brooks v. Zorn*, No. 2:22-cv-00739-DCN-MHC, 2024 WL 1571688, at *9 (D.S.C. Apr. 11, 2024) ("To succeed on a Rule 60(b) motion, a party must demonstrate (1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." (internal quotation marks omitted)). As this Court held in *Kirby I* and as the Magistrate Judge again concluded in the Report in this action, Plaintiff cannot assert a claim against Defendant

3

IT IS SO ORDERED.

                                                        s/ Jacquelyn D. Austin
                                                        United States District Judge

February 11, 2025
Columbia, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

because Defendant is not a "person" under § 1983.  *See Kirby I*, 2024 WL 1926258, at *3; [Doc. 13 at 8–9].  Further, Plaintiff's argument that Defendant has waived its immunity defenses by removing the case to federal court [Doc. 23] is without merit.  *See Land v. Barlow*, No. 2:21-cv-01883-RMG-MHC, 2021 WL 6495298, at *4 (D.S.C. Nov. 17, 2021) (rejecting the argument that "by removing the case to federal court, [the state defendants] waived sovereign immunity" and explaining that "[b]ecause South Carolina has not consented to a § 1983 suit in state court, such a suit is barred in federal court, even following removal"), *Report and Recommendation adopted by* 2021 WL 5997984 (D.S.C. Dec. 20, 2021).  Accordingly, seeing as Plaintiff has failed to present a meritorious defense to this fatal flaw in his claim, Plaintiff's motion to reinstate is denied.